**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2021[*]
Decided June 30, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2756

|  |  |
|---|---|
| IZUMI SAIKA and MOHAMMAD SHAKIBAI, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 3888 |
| PHH MORTGAGE SOLUTIONS, *Defendant-Appellee*. | Gary Feinerman, *Judge*. |

**O R D E R**

Izumi Saika and her husband, Mohammad Shakibai, sued their loan servicer, alleging that it violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, in the course of modifying their mortgage. The district court granted the defendant's motion for summary judgment, concluding that the claims

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

were either time-barred or failed to meet the elements under the statute. Because Saika and Shakibai offer no argument that the decision was wrong, we dismiss the appeal.

Saika and Shakibai tried for years to refinance their mortgage with Ocwen Loan Servicing, LLC. The couple twice tried to refinance in 2014, but first they rejected Ocwen's offer, and later they failed to timely return a signed copy of the proposed refinancing agreement. Then, in 2015, Ocwen invented delinquencies on Saika and Shakibai's account to qualify the couple for a repayment plan intended for people in default, but Ocwen reversed those delinquencies when they complained. Eventually, Ocwen transferred the mortgage to a new servicer (which is not a party to this case) but, when the couple stopped making payments, that lender foreclosed on their mortgage. To stop the judicial sale, Saika and Shakibai filed for Chapter 13 bankruptcy protection. The servicer responded by providing a loan modification that was less favorable than the offers Ocwen had previously made.

In 2018, Saika and Shakibai sued Ocwen (now PHH Mortgage Solutions) for unfair business practices under 815 ILCS § 505/2, and for breach of contract, seeking to recover the difference between the new servicer's loan modification proposal and Ocwen's earlier offers. The district court dismissed the breach of contract claim, ruling that Saika and Shakibai had never reached an agreement with Ocwen. The court then entered summary judgment on the consumer fraud claim, ruling that conduct predating April 2015, including any dispute about the original, unfinalized agreement with Ocwen, was time-barred under 815 ILCS § 505/10a(e), and that Saika and Shakibai's claims relating to the delinquencies on their account gave rise to no "actual pecuniary loss" because they were reversed. Regarding Saika and Shakibai's claims that Ocwen's conduct cost them the opportunity to modify their mortgage on more favorable terms, the court ruled that they could not show that Ocwen's conduct, rather than their own failure to pay their new servicer, was the cause of any financial injury.

Normally, we would review a grant of summary judgment de novo. *See Horne v. Elec. Eel Mfg. Co., Inc.*, 987 F.3d 704, 713 (7th Cir. 2021). But to decide an appeal, we must be able to ascertain a party's argument and the basis for it, and that is why even pro se plaintiffs must comply with Federal Rule of Appellate Procedure 28. That rule requires the appellate brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(8)(A). Even liberally construed, however, Saika and Shakibai's brief contains no cogent arguments, and we therefore lack any ground for revisiting the district court's decision. *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir.

2017); *see* FED. R. APP. P. 28(a)(8). Their brief merely reviews some of their payment history in bullet-point fashion and adds exhibits—that we may not consider—without explanation. *See* FED. R. APP. P. 10(a)(1). Their reply does no more than call the defendant's response brief "wrong" and "untrue." We will not "scour the record in an attempt to formulate a cogent argument" when the appellants have presented none, *Jeffers v. Comm'r*, 992 F.3d 649, 653 (7th Cir. 2021), and therefore the appeal is

DISMISSED.